IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER RAY ARAGON,

    Petitioner,

vs.                                                  Civ. No. 96-1208 BB/LCS

JOHN SHANKS, Warden,
et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Petitioner's Motion to Amend Petition, filed January 5, 1998. Petitioner asks the Court to allow him to amend his 28 U.S.C. §2254 Petition to include the following new grounds:

    (1) Whether Petitioner's Sixth and Fourteenth Amendment rights to self-representation were violated with respect to the habitual offender proceedings in this case;

    (2) Whether Petitioner's Fifth and Fourteenth Amendment rights to due process were violated when the trial court enhanced his sentence as an habitual offender without jurisdiction;

    (3) Whether Petitioner's Fifth and Fourteenth Amendment rights to due process were violated when his sentence was enhanced as an habitual offender based on a prior state conviction that was initiated as a juvenile proceedings and then transferred to adult court;

    (4) Whether Petitioner's Fifth and Fourteenth Amendment rights to due process were violated when the trial court denied a joint motion to determine his competency prior to the habitual offender proceedings;

(5) Whether Petitioner's Fifth and Fourteenth rights to due process of law were violated when his sentence was enhanced as an habitual offender based on invalid prior convictions; and

(6) Whether Petitioner's Fifth and Fourteenth Amendment rights to due process were violated when he was sentenced to an additional period of parole after an habitual offender enhancement.

The Petitioner states that he did not previously raise these grounds because they were in the process of being exhausted in the state courts via a state habeas corpus petition. The Petitioner contends that these new grounds are now exhausted and ready for review in this §2254 proceeding. Petitioner observes that if his Motion to Amend Petition is granted, the Respondents will have to produce the tapes for the October 24, 1996 and November 5, 1996 habitual offender hearings.[1]

The Respondents oppose the Motion to Amend Petition for several reasons. First, the Respondents contend that except for new ground one, the Petitioner has not exhausted the new claims as they are stated. Second, the Respondents argue that except for new ground one, the remaining new claims are procedurally defaulted. Third, the Respondents assert that the Petitioner has not provided a factual basis for the new claims. Finally, the Respondents contend that new grounds three and six contain only state law issues not cognizable in a §2254 proceeding.

In response to the Respondents' opposition to the Motion to Amend Petition, the Petitioner asserts that it is improper for this Court to decide the procedural and substantive merits

---

[1] Although the Respondents filed the record proper regarding the claims in Petitioner's original petition, the parties have not filed any briefs on the merits of the original petition. Contrary to the Petitioner's belief, the Court entered a briefing schedule on July 3, 1997.

of each of the claims as the Respondents request the Court to do.  I agree.  I find that it is not necessary to address the Respondents' arguments against the Motion to Amend Petition at this time.

      Fed. R. Civ. P. 15(a) allows for an amendment to be given freely. That being so, the Petitioner's Motion to Amend will be granted and the Petitioner allowed to file an amended petition by February 27, 1998.  In drafting his amended petition, the Petitioner should address the concerns that the Respondents have raised in responding to the Motion to Amend Petition.  One such concern, for example, is the sufficiency of the factual bases for the Petitioner's new grounds.

      I anticipate that once the Petitioner files the amended petition, the Respondents will file a motion to dismiss.  This Memorandum Opinion and Order does not prevent the Respondents from presenting in a motion to dismiss the same arguments now raised.  In addition to those arguments, the Court is particularly interested in the effect of 28 U.S.C. §2254(b), (d), and (e), as amended, on this case.  Those provisions deal with exhaustion of state remedies, adjudication of the merits in state court, and the presumption of correctness of factual findings made in state court.  The following briefing schedule will control the motion to dismiss: the motion to dismiss and supporting brief will be due on March 27, 1998 with the response brief due on April 27, 1998 and the reply brief due on May 18, 1998.

      WHEREFORE,

      IT IS ORDERED that the Petitioner's Motion to Amend is granted and the Petitioner shall file his amended petition on or before February 27, 1998.

      IT IS ALSO ORDERED that on or before March 27, 1998 the Respondents shall file with the Court the tapes for the October 24, 1996 and November 5, 1996 habitual offender hearings.

IT IS FURTHER ORDERED that the motion to dismiss and brief shall be due on or before March 27, 1998; the response brief shall be due on or before April 27, 1998; and the reply brief shall be due on or before May 18, 1998.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE