IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER RAY ARAGON,

    Petitioner,

vs.                                        Civ. No. 96-1208 BB/LCS

JOHN SHANKS, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Respondents' Motion to Dismiss Mr. Aragon's February 24, 1998, Amended Habeas Corpus Petition, filed March 27, 1998. The Respondents argue that the amended petition is subject to dismissal because new claims 11 through 15[1] are unexhausted thereby making the amended petition a "mixed" one for exhaustion of state remedies purposes. In the alternative, the Respondents argue that new claims 11 through 15 are procedurally defaulted; new claims 12 and 15 raise only state law issues; and new claims 11 through 15 fail to state a claim under 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

---

[1] These new claims are all based on alleged violations of the right to due process. **See** Attachment A to Amended Petition, filed February 24, 1998. When presented to the New Mexico state courts, these claims did not make any reference to the right to due process.

1

2.  28 U.S.C. § 2254(b) and (c)² require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding.  **See Rose v. Lundy**, 455 U.S. 509 (1982); **Preiser v. Rodriguez**, 411 U.S. 475, 489 (1973).  The exhaustion requirement is met when the state's highest court has had an opportunity to reach the merits of petitioner's habeas claims.  **Dulin v. Cook**, 957 F.2d 758, 759 (10th Cir. 1992). The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions.  **Clonce v. Presley**, 640 F.2d 271, 273 (10th Cir. 1981); **accord, Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995).

3.  In **Picard v. Connor**, 404 U.S. 270 (1971), the United States Supreme Court discussed the precepts of the exhaustion doctrine.  First, the exhaustion requirement was satisfied if the substance of a federal habeas corpus claim has been presented to a state court.  **Id**. at 278.  However, this does not mean that a petitioner must cite "book and verse on the federal constitution."  **Id**. at 278.  Instead, it is only necessary that the federal claim be "fairly presented" to the state courts so that those courts are provided the first opportunity to hear the claim raised in the federal habeas petition.  **Id**. at 275-76.  The Supreme Court has since elaborated on the "fair presentation" standard by requiring more than that "all facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  **Anderson v. Harless**, 459 U.S. 4, 6 (1982).  Nonetheless, under **Picard**, "a failure to invoke talismanic language should not be the basis for a finding of nonexhaustion."  **Nichols v. Sullivan**,

---

²The original §2254 petition in this case was filed on September 3, 1996, during the grace period allowed under **United States v. Simmonds**, 111 F.3d 737, 744-45 (10th Cir. 1997). Therefore, I will analyze the exhaustion issue pursuant to pre-AEDPA law.

867 F.2d 1250, 1252 (10th Cir.), **cert. denied**, 490 U.S. 1112 (1989).

    4. The exhaustion analysis involves a careful review of the state court record in order to determine whether the petitioner has cited or referred to any federal laws, federal cases or to any constitutional provision. **Id**. at 1253. Further, the examination of the state record must not be conducted in a harsh manner, but with an eye towards affording the petitioner an opportunity to state a federal claim, even if accomplished implicitly. **Picard**, 404 U.S. at 278. Ultimately, a court must be guided by the principle that the substance of the federal claim have been fairly presented to the state courts. **Id.** at 275-76.

    5. In this case, new claims 11, 12, and 13 as presented in the Defendant-Appellant's Second Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend the Docketing Statement at 7-13, filed May 20, 1997 (Exhibit M-attached to Amended Answer), make no reference to federal laws, cases or constitution. The Court of Appeals likewise did not address any federal issues in considering those claims. Memorandum Opinion at 2-5, filed June 10, 1997 (Exhibit N-attached to Amended Answer). Furthermore, the Petition for Writ of Certiorari for the New Mexico Supreme Court at 2-3, filed June 13, 1997 (Exhibit O-attached to Amended Answer), did not present new claims 11, 12, and 13 in a federal stance. Accordingly, I find that new claims 11, 12, and 13 were not "fairly" presented to the New Mexico state courts. Those claims are, therefore, not exhausted.

6.  New claims 14 and 15, however, are different from the other new claims.[3]  With respect to new claim 14, the Petitioner cited to **Santobello v. New York**, 404 U.S. 257 (1971) in the  Defendant-Appellant's Second Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend the Docketing Statement.  Exhibit M at 16 (attached to Amended Answer).  The **Santobello** Court addressed the situation where the state failed to keep a promise concerning the sentence recommendation on a guilty plea.  Although the Court of Appeals did not address new claim 14 in terms of **Santobello**, it concluded that the 1991 conviction was "constitutionally valid."  Memorandum Opinion, Exhibit N at 7 (attached to Amended Answer). The Petitioner also presented new claim 14 along with **Santobello** in his Petition for Writ of Certiorari for the New Mexico Supreme Court.  Exhibit O at 4 (attached to Amended Answer).  I find that the above circumstances warrant a finding that the Petitioner "fairly" presented new claim 14 to the New Mexico courts and so is exhausted.

7.  In presenting new claim 15 in the  Defendant-Appellant's Second Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend the Docketing Statement, the Petitioner cited to **Linam v. Griffin**, 685 F.2d 369 (10th Cir. 1982), **cert. denied**, 459 U.S. 1211 (1983).  Exhibit M at 17-18 (attached to Amended Answer).  The Petitioner cited **Linam** for the proposition that the New Mexico Habitual Offender Act imposes a sentence enhancement, not an actual sentence.  **Id**.  That proposition is an interpretation of state law.  Moreover, the

---

[3]New claim 14 states "[w]hether Mr. Aragon's Fifth and Fourteenth Amendment Rights to due process of law were violated when his sentence was enhanced as an habitual offender based on invalid prior convictions."  New claim 15 states "[w]hether Mr. Aragon's Fifth and Fourteenth Amendment Rights to due process of law were violated when he was sentenced to an additional period of parole after an habitual offender enhancement."

Court of Appeals did not address new claim 15 in terms of any federal cases or doctrine. Memorandum Opinion, Exhibit N at 7 (attached to Amended Answer).  The Petitioner, furthermore, did not add any other references to federal law when he presented new claim 15 in his Petition for Writ of Certiorari for the New Mexico Supreme Court.  Exhibit O at 4 (attached to Amended Answer).  Under those circumstances, I find that the Petitioner did not "fairly" present new claim 15 to the New Mexico state courts.  Consequently, that claim is unexhausted.

       8.  From the above discussion, it is obvious that the amended §2254 petition is a "mixed" one and subject to dismissal under **Rose v. Lundy**.  That being so, I find no need to discuss the Respondents' alternative grounds for dismissal.  Because the Petitioner is left with a "mixed" petition, he has the option of pursuing his exhausted claims without waiting to exhaust new claims 11, 12, 13, and 15 by filing a §2254 petition which raises only the exhausted claims.  **Harris v. Champion**, 48 F.3d 1127, 1133 (10th Cir. 1995).  However, if the Petitioner decides to pursue only the exhausted claims, he runs the risk of a dismissal of any subsequent petition raising the previously abandoned claims as an abuse of the writ.  **Id**.

Recommended Disposition

    I recommend granting the Respondents' Motion to Dismiss Mr. Aragon's February 24, 1998, Amended Habeas Corpus Petition and dismissing the amended §2254 petition without prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and

recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE